Stephen M. Scott, OSB No. 134800
smscott@fisherphillips.com
Daniel O. Schmidt, OSB No. 204404
dschmidt@fisherphillips.com
FISHER & PHILLIPS LLP
111 SW Fifth Avenue, Suite 4040
Portland, Oregon 97204
(503) 242-4262 telephone
(503) 242-4263 facsimile

Attorneys for Defendant J-M Manufacturing
Company, Inc., dba JM Eagle

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PENDLETON DIVISION

| | |
|---|---|
| TYSON HARSHMAN,<br><br>Plaintiff,<br><br>v.<br><br>J-M PIPE COMPANY, INC., and PW EAGLE, INC. dba JM EAGLE,<br><br>Defendants. | Case No. 2:23-cv-01600-HL<br><br>**DEFENDANT J-M MANUFACTURING COMPANY, INC.'S REPLY IN SUPPORT OF MOTION TO COMPEL ARBITRATION AND TO DISMISS OR STAY CLAIMS PENDING ARBITRATION** |

Defendant J-M Manufacturing Company, Inc., dba JM Eagle (erroneously identified in the Complaint as "J-M Pipe Company, Inc., and PW Eagle, Inc.") ("Defendant" or "JM Eagle"), submits this Reply in Support of its Motion to Compel Arbitration and to Dismiss or Stay Claims Pending Arbitration.

## INTRODUCTION

Plaintiff's Response offers no substantive analysis to his arguments to deny Defendant's Motion to Compel Arbitration. Plaintiff's Response contains four misplaced legal theories. First, Plaintiff's counsel incorrectly represents that ORS 652.750 requires production of all "documents pertaining to Plaintiff's employment." This argument is inconsistent with the plain language of ORS 652.750. Second, Plaintiff's counsel relies on California law to argue that ORS 652.750 requires production of an arbitration agreement. Plaintiff provides no relevant case law in Oregon, administrative rule, or legislative history to support his position. Third, Plaintiff argues that the arbitration agreement is both procedurally and substantively unconscionable; these arguments ignore judicial precedent holding otherwise. Finally, Plaintiff's counsel argues that because Defendant gave his client no notice, the arbitration should not proceed via estoppel. Plaintiff's counsel provides no legal support that estoppel is the appropriate remedy for the alleged failure to include a document in a personnel file request. Likewise, Plaintiff's counsel provides no legal analysis indicating the issue of estoppel should be determined by the court.[1] The Court should compel arbitration for the reasons outlined in Defendant's Motion to Compel Arbitration and in this Reply.

## REPLY ARGUMENT

### I. Plaintiff Has Neither Responded nor Objected to the Primary Argument of the Motion to Compel Arbitration.

Despite the arguments raised in his Response, Plaintiff has not objected to the following facts in Defendant's Motion to Compel Arbitration: the nexus of the claim is arbitrable and

[1] The issue of estoppel is often for the arbitrator, not the court, to decide. *Livingston v. Metropolitan Pediatrics, LLC*, 234 Or. App. 137, 145, 227 P.3d 796 (2010).



FISHER & PHILLIPS LLP
111 SW Fifth Avenue, Suite 4040
Portland, Oregon 97204
(503) 242-4262

there is a strong judicial preference for arbitration. Specifically, there are five things that Plaintiff does not dispute. First, Plaintiff does not dispute that the Federal Arbitration Act (FAA) applies. *See* Motion to Compel Arbitration at Section II.B (ECF No. 8); *Prima Paint Corp. v. Flood & Conklin Mfg. Co.*, 388 U.S. 395 (1967). Second, Plaintiff does not dispute the claims are arbitrable. *See* Motion to Compel Arbitration at Section II.C; *Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc.*, 473 U.S. 614, 626 (1985). Third, Plaintiff does not deny the validity of his signature; rather he argues that he does not remember signing it. *See* Motion to Compel Arbitration at Section II.B.1; *see also* Declaration of Tyson Harshman ¶ 2 (ECF No. 10). Fourth, Plaintiff agrees, through his Response, that he is refusing to arbitrate his claims. *See* Motion to Compel Arbitration at Section II.D; Response to Defendant's Motion to Compel Arbitration, *passim*. Finally, Plaintiff does not dispute that the Court should make the final determination regarding the validity and enforceability of the agreement. *See* Motion to Compel Arbitration at Section II.G; Response to Defendant's Motion to Compel Arbitration, *passim*.

Arguments set forth in motions are deemed admitted if not specifically denied. *Shilo Inn, Seaside Ocean Front, LLC v. Grant*, No. 08-CV-618-BR, 2009 WL 2611217 (D. Or. Aug. 24, 2009). As Plaintiff has not objected or raised an argument in opposition to the forgoing facts and arguments, they are deemed admitted.

## II. ORS 652.750 Does Not Require the Production of an Arbitration Agreement.

Plaintiff argues that Defendant violated ORS 652.750 when it allegedly failed to produce an arbitration agreement as part of the personnel file. Plaintiff's counsel provides no relevant case law, statute, or administrative rule to support his argument.

A. Plaintiff's Counsel Incorrectly Interprets the Plain Language of the Statute.

Plaintiff's counsel presents two arguments. First, the common meaning of personnel file includes an arbitration agreement. Second, that *Oregonian Publ'g Co. v. Portland Sch. Dist. No. 1J*, 329 Or. 393 (1999), supports his interpretation of the statute. These arguments fail for four reasons. First, the plain language of the statute does not include an arbitration agreement. Second, BOLI's guidance does not require production of the personnel file. Third, his reliance on *Oregonian Publ'g* is misplaced as it does not discuss ORS 652.750. Finally, the legislature knows how to require production of agreements post-employment and has chosen not to do so for arbitration agreements.

When the legislature does not define a statutory term, Oregon "look[s] to the plain meaning of a statute's text as a key first step." *Comcast Corp. v. Dep't of Revenue*, 356 Or. 282, 337, 337 P.3d 768 (2014). Plaintiff's counsel argues that personnel file is not defined and should be given its common meaning of documents "pertaining to Plaintiff's employment." This argument runs contrary to the plain language of the statute. ORS 652.750(2) states, "within 45 days after receipt of an employee's request, an employer shall provide reasonable opportunity for the employee to inspect . . . the personnel records of the employee that are *used or have been used to determine the employee's qualification for employment, promotion, additional compensation, employment termination or other disciplinary action and time and pay records* of the employee for the period required by the Fair Labor Standards Act." ORS 652.750(2) (emphasis added).[2]

[2] The legislature did state personnel records do not include records of an individual relating to the conviction, arrest, or investigation of conduct constituting a violation of the criminal laws of this state or another state or the United States, confidential reports from previous employers, or records maintained in compliance with ORS 352.226 (Personnel records). ORS 652.750(1)(b).

ORS 652.750 provides a list of what personnel records are, records "used or have been used to determine the employee's qualification for employment, promotion, additional compensation, employment termination or other disciplinary action." Contrary to Plaintiff's counsel's position it does not say every record "pertaining to Plaintiff's employment" is considered a personnel record under ORS 652.750. For example, notably absent from that exhaustive list are personnel records that are a condition of employment (i.e., tax documents, immigration documents, restrictive agreements). Plaintiff's counsel puts forth no facts or arguments that signing the arbitration agreement: (1) increased Plaintiff's qualifications found on his resume; (2) was used in determining whether Plaintiff would receive a pay raise or promotion; (3) was used to determine the company should discipline or terminate Plaintiff; or (4) are time and pay records as required by FLSA. As such, an arbitration agreement does not fall within the limited definition of personnel records identified in ORS 652.750.

Second, BOLI states, "Personnel records include all records used to determine your qualifications for employment, promotion, additional compensation, termination or other disciplinary actions. Employers also must make time and pay records available."[3] BOLI then lists the following documents as personnel records:

Here is a sample list of documents considered to be personnel records:

- Job announcements
- Applications
- Resumes
- Records of Promotion
- Pay increase documentation
- Performance reviews
- Supervisor notes pertaining to named personnel actions
- Disciplinary actions; records of verbal and written warnings
- Notices of termination

[3] https://www.oregon.gov/boli/workers/pages/access-to-employee-records.aspx

These records must be kept for not less than 60 days. ORS 652.750(3)(a). Notably absent is any reference to non-competition, non-solicitation, confidentiality, or arbitration agreements. This is not surprising as those agreements are typically kept longer than 60 days and are not used to determine qualifications for employment. Neither the statute nor BOLI's guidance supports Plaintiff's counsel's argument.

Plaintiff's reliance on *Oregonian Publ'g* is misplaced. *Oregonian Publ'g* is a case that deals with personnel records for employees of a public school system, and the interpretation of the laws in the case have to do with the production of public employee evaluations and personnel files under ORS 192.502(9) ("Other Public Records Exempt From Disclosure") and ORS 342.850(8) ("Teacher Evaluations"), statutes which govern the release of public figures' personnel files. *Id*. These facts are not before this Court. In that case, members of the public wanted access to documents related to the investigation of alleged misuse and theft of school property. *Id.* at 394. There was no mention of the production of an arbitration agreement. The court in *Oregonian Publ'g* expressly acknowledged that the production of the personnel records for a public employee are subject to different laws, but also held that there are still some restrictions to disclosure. *Id.* at 400. The court determined in that case that a personnel file "would usually include information about a teacher's education and qualifications for employment, job performance, evaluations, disciplinary matters or other information useful in making employment decisions regarding an employee." *Id.* at 401. Plaintiff's counsel's conclusion, that a court case about access to public records would somehow have bearing on his argument that his client—an employee of a private company—is misdirected.

Finally, if the legislature wished to require the production of arbitration agreements, then it would enact a provision like ORS 653.295(1)(d). This provision requires employers to



FISHER & PHILLIPS LLP
111 SW Fifth Avenue, Suite 4040
Portland, Oregon 97204
(503) 242-4262

produce a signed written copy of the terms of the noncompetition agreement to the employee within 30 days after termination. There is no similar statute for arbitration agreements. Plaintiff's argument that Defendant waived its right to arbitration by allegedly not timely producing the arbitration agreement is misplaced and finds no support in case law, legislative history, or statutory interpretation.

B. Plaintiff's Case Law Does Not Support the Conclusion That ORS 652.750 Requires Production of an Arbitration Agreement.

Plaintiff's counsel relies on three California cases to support his argument that ORS 652.750 requires production of an arbitration agreement in a personnel file. His argument fails for two reasons. First, ORS 652.750 is an Oregon specific statute. States across this country have different personnel files requirements and definitions. The California cases are not persuasive because they do not discuss the Oregon specific statute—ORS 652.750.

Second, even if the cases dealt with Oregon law (and they do not), Plaintiff's counsel's analysis of the cases is misplaced. The crux of Plaintiff's counsel's reliance on these cases is his statement that "arbitration agreements are referenced in the context of a personnel file." Response at 2. This argument is misplaced for the reasons outlined below:

(1) *Winfrey v. Kmart Corp.*, No. 16-55184 (9th Cir. 2017) (not for publication). This California case does not hold that an arbitration agreement must be part of a personnel file. This case was an appeal from a District Court decision denying defendants' motion to stay litigation on a non-arbitrable matter while arbitration progressed on an arbitrable matter and does not deal at all with personnel files. *Id* at *2. In fact, in this four-paragraph ruling, the Ninth Circuit only ruled on whether the stay in litigation was proper (it was);



FISHER & PHILLIPS LLP
111 SW Fifth Avenue, Suite 4040
Portland, Oregon 97204
(503) 242-4262

there is no discussion as to whether an arbitration agreement even belongs in a personnel file. The only possible connection is from a single line, referring to plaintiff's "underlying Labor Code claims pursuant to an arbitration agreement in [her] personnel file." *Id* at *2. This case is not persuasive and does not support Plaintiff's counsel's argument.

(2) *Bayer v. Neiman Marcus Group, Inc*., 861 F.3d 853 (9th Cir. 2017). This case, also from California, briefly discusses an issue raised by plaintiff regarding whether a personnel file should include a letter identifying that an employee has refused to sign an arbitration agreement. *Id.* at 865. In this case, the employee had worked for defendant for about five years before defendant determined that all employees would be subject to mandatory arbitration in any employment-related dispute. *Id*. Plaintiff refused to sign the agreement, instead opting to draft a letter explaining why he did not want to be subject to an arbitration agreement presented to him some years after he began working for a company. *Id*. at 865. The court did not determine if the agreement itself should be included. *Id*. at 868. As with the previous case, the only connection between the words "arbitration agreement" and "personnel file" is that they appear near each other in the court's decision. It is not relevant to the issue before this Court given it does not deal with ORS 652.750.

(3) *Pereyda v. Veritiv Operating Co*., D073208, 2019 WL 947599 (Cal. App. Feb. 27, 2019) (not for publication). This is yet another unpublished case, this time from the California Court of Appeals. It is



FISHER & PHILLIPS LLP
111 SW Fifth Avenue, Suite 4040
Portland, Oregon 97204
(503) 242-4262

therefore not persuasive. Even if it was, it does not indicate that a personnel file must include an arbitration clause or a signed agreement to arbitrate; it merely states as a fact that one company, headquartered in California, made the decision to keep two of three California-based employees' signed agreements to arbitrate in their employees' personnel files. *Id.* at *4. The court mentioned this in the context that it would be improper to assume, without evidence, that if two of the three employees had agreed to arbitrate, the third likely did. *Id*. Again, the only connection between the words "personnel files" and "arbitration agreements" is that both appear in the same paragraph. This case provides no probative value because it does not discuss or mention ORS 652.750.

The three cases Plaintiff relies on do not support his position, do not discuss ORS 652.750, and do not hold that personnel files should include arbitration agreements. In fact, none of the cases even deal with motions to compel arbitration. Lacking any relevant court case or statute to the contrary, there is still no obligation to provide an arbitration agreement as part of a personnel file, and Plaintiff's argument fails.

C. OAR 166-300-0040 Is Not Instructive to the Issue Before This Court.

Plaintiff's counsel relies on OAR 166-300-0040's mention of "employee contracts" to argue ORS 652.750 requires the production of an arbitration agreement. Counsel argues that "employee contracts" must mean that Defendant must produce those records pursuant to a personnel file request under ORS 652.750. Response at 2. Counsel's argument fails for three reasons. First, there is no obligation for a court to defer to the Oregon Administrative Rule. OARs do not establish binding precedent. *State v. Mellengerger*, 163 Or. 233, 260 (1939)



FISHER & PHILLIPS LLP
111 SW Fifth Avenue, Suite 4040
Portland, Oregon 97204
(503) 242-4262

(holding that only a "deliberate or solemn decision of a court or judge, made after argument on a question of law fairly arising in a case, and necessary to its determination, is an authority, or binding precedent, in the same court or in courts of equal or lower rank, in subsequent cases, where the very point is again in controversy."). Second, this OAR applies and guides only "State Agency General Record Retentions Schedules."[4] It carries no probative value to the issue before this Court and ORS 652.750. Finally, the text of OAR 166-300-0040(9) does not support opposing counsel's position as there is no obligation in the administrative rule to *produce* employee contracts when producing such documents under a personnel records request.

**III. The Agreement Is Not Unconscionable.**

The party who asserts unconscionability bears the burden of showing that the arbitration clause is unconscionable. *W. L. May Co. v. Philco-Ford Corp.*, 273 Or. 701, 707, 543 P.2d 283 (1975). Plaintiff's counsel has not met this burden.

Defendant previously explained why the agreement was neither procedurally nor substantively unconscionable in its Motion to Compel Arbitration. Briefly, the agreement is not *procedurally* unconscionable because form agreements that contain an arbitration clause, like the one Plaintiff signed, have been consistently held to be a perfectly acceptable arbitration agreement. *Motsinger v. Lithia Rose–FT, Inc.*, 211 Or. App. 610 (2007). Further, the agreement is not *substantively* unconscionable because opposing counsel has not objected to any of the terms inside the contract, nor has he argued that the claims at issue here do not arise out of Plaintiff's employment.

[4] https://secure.sos.state.or.us/oard/displayDivisionRules.action?selectedDivision=591

In his Response, Plaintiff does not address whether the agreement was substantively unconscionable. Instead, Plaintiff's counsel argues the agreement is *procedurally* unconscionable because of a "disparity in bargaining power and the hidden arbitration terms." Response at 4. As covered extensively in Defendant's Motion to Compel Arbitration, that argument is flawed and ignores years of judicial precedent (that opposing counsel did not object to).

Procedural unconscionability refers to the conditions of contract formation. *Motsinger*, 211 Or. App. at 614. In Oregon, procedural unconscionability can be understood as either oppression ("when there is inequality in bargaining power between the parties to a contract") or surprise ("when the terms were hidden from the party seeking to avoid enforcement of the agreement"). *Gist v. ZoAn Mgmt.*, 305 Or. App. 708, 714 (2020). Plaintiff asserts both a surprise argument and that there was unequal bargaining power when entering into the agreement.

A. Plaintiff Cannot Demonstrate Procedural Unconscionability Through Surprise.

Procedural unconscionability through surprise requires that terms are "hidden" from Plaintiff. *See Gist*, 305 Or. App. at 174. In addressing a claim of surprise, courts will evaluate whether terms were hidden from the signee "such as ambiguous contract wording and fine print." *Wilson v. Bristol-Myers Squibb Co.*, 2018 WL 2187443, at *4 (D. Or. May 11, 2018) (citing *Bagley v. Mt. Bachelor, Inc.*, 356 Or. 543, 555 (2014)). Here there was no such ambiguous wording, the arbitration agreement contained no "fine print," and, despite his argument to the contrary, there were no "hidden arbitration terms" in the agreement. The entire clause was titled "Arbitration" and it was in the same font, with a special emphasis (in bold) as to what the employee was agreeing to by signing the agreement:



FISHER & PHILLIPS LLP
111 SW Fifth Avenue, Suite 4040
Portland, Oregon 97204
(503) 242-4262

13. Employment Status. Nothing in this Agreement constitutes a guarantee or agreement of continued employment, or of a fixed term of employment, of Employee, nor does this Agreement alter in any way the right of Employee to terminate his or her employment at any time or the right of JM to terminate the employment of Employee at any time for any reason. Employee acknowledges that he or she is an employee "at will."

14. Consideration. Employee acknowledges that he or she has not been promised, and shall not claim, any additional or special payment not set forth specifically herein, for compliance with the covenants and agreements contained herein.

15. Arbitration. Any and all claims or controversies arising out of or relating to Employee's employment, the termination thereof, or otherwise arising between Employee and JM shall be settled by final and binding arbitration before a single mutually agreed upon, in any county in the State of Employee's Employment. If arbitration by JAMS is available in the State of Employee's Employment, the arbitration shall be administered by JAMS pursuant to its then-current Employment Arbitration Rules & Procedures and subject to JAMS Policy on Employment Arbitration Minimum Standards of Procedural Fairness. Employee is hereby informed that these rules are accessible on the JAMS website located at http://www.jamsadr.com/, and can also be obtained, upon request, from JM's Human Resources department. Otherwise, the arbitration shall be in accordance with then-current rules of the American Arbitration Association applicable to employment disputes. Employee is hereby informed that these rules are accessible on the American Arbitration Association's website located at http://www.adr.org/, and can also be obtained, upon request, from JM's Human Resources department. **Employee understands and acknowledges that by signing this agreement to arbitrate Employee is waiving his or her right to a jury or other civil trial.** This agreement to arbitrate includes all claims whether arising in tort or contract and whether arising under statute or common law including, but not limited to, any claim of breach of contract, discrimination or harassment of any kind. The obligation to arbitrate such claims shall continue forever, and the arbitrator shall have jurisdiction to determine the arbitrability of any claim. The arbitrator shall have the authority to award any and all damages otherwise recoverable in a court of law. The arbitrator shall not have the authority to add to, subtract from or modify any of the terms of this Agreement. Judgment on any award rendered by the arbitrator may be entered and enforced by any court having jurisdiction thereof. Employee will pay his or her share any required State filing fee towards the costs of the arbitration (i.e., filing fees, administration fees, and arbitrator fees), and each party shall be responsible for paying its own other costs for the arbitration, including, but not limited to, attorneys' fees, witness fees, transcript fees, or other litigation expenses. Employee shall not be required to pay any type or amount of expense if such requirement would invalidate this agreement or would otherwise be contrary to the law as it exists at the time of the arbitration. The prevailing party in any arbitration shall be entitled to recover its reasonable attorney's fees and costs, where authorized by contract or statute. This section does not apply or restrict either JM or Employee from seeking equitable relief, including injunctive relief, from any court having competent jurisdiction for violating this Agreement or any applicable law. This agreement to arbitrate does not prevent Employee from filing a charge or claim with any governmental administrative agency, as permitted by applicable law.

**IN WITNESS WHEREOF**, Employee has executed this Agreement effective as of the date written below.

**EMPLOYEE:**

Signature: [signature]

Print Name: Tyson R Harshman

Date: 12-6-2011

**JM EAGLE:**

Signature: Myra Beagles

Print Name: Myra Beagles

Title: HR PMC

State of Employee's Employment: OR

**WITNESS TO EMPLOYEE'S SIGNATURE:**

Signature: Myra Beagles

Print Name: Myra Beagles

Motion to Compel Arbitration at 3; Scott Decl. Ex. 1 (ECF No. 6). This arbitration agreement is free of ambiguous wording, hidden terms, unnecessary fine print, and uses bolded words to inform the signee about the consequences of his or her signature.

In the case cited by Plaintiff, *Vasquez-Lopez v. Beneficial Oregon, Inc.*, the court identified what in the facts of the case established surprise. 210 Or. App. 553, 568 (2007). The



**FISHER & PHILLIPS LLP**
111 SW Fifth Avenue, Suite 4040
Portland, Oregon 97204
(503) 242-4262

plaintiffs in *Vasquez-Lopez* were not told that arbitration would be binding and, instead, were fed a "half-truth" that they "could go to court after submitting to arbitration." *Id*. Such ambiguous wording and misdirection were sufficient to allow the court in *Vasquez-Lopez* to conclude that the circumstances of contract formation involved surprise. *Id*. The facts in *Vasquez-Lopez* are not before this Court. Defendant is simply seeking to enforce an arbitration agreement which Plaintiff signed, and which contained no misrepresentations on the impact of arbitration to Plaintiff's legal rights. Accordingly, there is no surprise.

1. Plaintiff Cannot Demonstrate Procedural Unconscionability Through Oppression.

As discussed in detail in Defendant's Motion to Compel Arbitration, an agreement to arbitrate—even one that is part of a larger form agreement, such as the case here—is not unconscionable by nature due to oppression. Motion to Compel Arbitration at 9-11. Courts routinely reject that argument. *See, e.g., Motsinger*, 211 Or. App. at 617 (unequal bargaining power alone is insufficient to show procedural unconscionability, rejecting employee's argument that because the employer presented the arbitration agreement on a take or leave basis it was procedurally unconscionable); *Gilmer v. Interstate/Johnson Lane Corp.*, 500 U.S. 20, 33 (1991) ("Mere inequality in bargaining power . . . is not a sufficient reason to hold that arbitration agreements are never enforceable in the employment context."); *Chalk v. T-Mobile USA, Inc.*, 560 F.3d 1087, 1094 (9th Cir. 2009); *Willis v. Nationwide Debt Settlement Group*, 878 F. Supp. 2d 1208, 1222 (D. Or. 2012) (contract of adhesion alone insufficient to establish unconscionability); *Sigglekow v. Northwest Group, Inc.*, 2019 WL 294759, *8 (D. Or. Jan. 22, 2019) ("Without more, the fact that Defendants 'foisted' the Arbitration Agreement upon Plaintiff with no ability to negotiate its terms does not make it procedurally unconscionable.").



FISHER & PHILLIPS LLP
111 SW Fifth Avenue, Suite 4040
Portland, Oregon 97204
(503) 242-4262

Plaintiff puts forth no argument or analysis that the years of judicial precedent should be overlooked.

2. <u>Plaintiff's Case Law Supports Defendant's Motion to Compel Arbitration</u>.

As explained above, Plaintiff cites to *Vasquez-Lopez* to support the argument that the current arbitration agreement is unconscionable. This argument is not persuasive as the facts before this Court are dissimilar to those in *Vasquez-Lopez*. In *Vasquez-Lopez*, the court found procedural unconscionability in the terms of a mortgage agreement for two main reasons: (1) the plaintiffs could neither speak nor read English, and (2) the plaintiffs were conned by a shady mortgage broker who lied about multiple bad mortgages. *Id*. In describing the facts of the case, the court summed up the two major facts that led to their conclusion that there was procedural unconscionability: "[Plaintiffs] lacked ability because the contract was in a language that they did not understand, and they lacked motivation because defendant misled them into thinking that the terms expressed in that language were favorable." *Id.* at 568.

These facts are not present in the current case. Instead, the issue before this Court is most similar to the *Motsinger* case discussed in Defendant's Motion to Compel Arbitration. In *Motsinger*, the court held that arbitration clauses "cannot be singled out for special treatment under an unconscionability analysis and should be governed by the same principles as other contracts." *Id.* at 623. That court dismissed plaintiff's argument that a 70-page document containing an arbitration clause, was, by its length alone, procedurally unconscionably. As a threshold, the agreement here in its entirety is a total of **seven** pages. Like *Motsinger*, the arbitration clause Plaintiff signed includes no limit to discovery, no cap on awards, and no specified tight deadlines. *Id.* Also, like *Motsinger*, the arbitrator is a neutral party applying



FISHER & PHILLIPS LLP
111 SW Fifth Avenue, Suite 4040
Portland, Oregon 97204
(503) 242-4262

JAMS rules to the dispute. *Id.* The only thing that Plaintiff has to do because of this clause is bring his claims in a separate, non-judicial forum. That is not unconscionable; it is literally the process for compelling arbitration.

The arbitration agreement is not procedurally unconscionable, either under a "surprise" analysis or an "oppression" analysis. Compelling arbitration is consistent with case law that determined compelling arbitration is proper as long as their agreements are not unconscionable.

3. Plaintiff's Costs Do Not Make the Arbitration Agreement Substantively Unconscionable.

Although he does not make the argument in his Response, Plaintiff's declaration includes the statement that he has expended "expense [sic] including a filing fee of $594" in choosing to litigate his employment claims. (Hashman Decl. ¶ 4.) While some courts have indicated arbitration expenses can be substantively unconscionable, those facts are not before this Court. In *Vasquez-Lopez*, unlike this case, the arbitration provision did not allow for shifting the arbitration expense to the losing party. Instead, it provided that the cost of the first day's arbitration was divided equally, and the fees for all additional days of arbitration were imposed entirely on the borrower making the claim. 210 Or. App. at 558, 574.

On the other hand, in *Motsinger*, the court rejected the argument that the potential costs of arbitration render the arbitration provision unconscionable because the plaintiff did not provide information on likely costs. *Id*. at 619. The court wrote, "We are required to speculate as to (1) whether plaintiff will bear any costs at all in the arbitration, (2) if so, what those costs would be, and (3) what deterrent effect, if any, those potential costs would have on plaintiff's ability to bring an action to vindicate her rights. We will not invalidate the arbitration clause simply because of the possibility." *Id.* Likewise, the court in *Gist* held that an arbitration



FISHER & PHILLIPS LLP
111 SW Fifth Avenue, Suite 4040
Portland, Oregon 97204
(503) 242-4262

agreement is not substantively unconscionable when "arbitration fees can be shifted to the losing party." 305 Or. App. at 720.

Plaintiff's argument related to cost is not persuasive as the facts (or lack thereof) before this Court are similar to those before the *Motsinger* and *Gist* courts that held the arbitration agreement was not substantively unconscionable. Like *Motsinger* and *Gist*, the Court does not know if Plaintiff will bear any costs in the arbitration:

> to determine the arbitrability of any claim. The arbitrator shall have the authority to award any and all damages otherwise recoverable in a court of law. The arbitrator shall not have the authority to add to, subtract from or modify any of the terms of this Agreement. Judgment on any award rendered by the arbitrator may be entered and enforced by any court having jurisdiction thereof. Employee will pay his or her share any required State filing fee towards the costs of the arbitration (i.e., filing fees, administration fees, and arbitrator fees), and each party shall be responsible for paying its own other costs for the arbitration, including, but not limited to, attorneys' fees, witness fees, transcript fees, or other litigation expenses. Employee shall not be required to pay any type or amount of expense if such requirement would invalidate this agreement or would otherwise be contrary to the law as it exists at the time of the arbitration. The prevailing party in any arbitration shall be entitled to recover its reasonable attorney's fees and costs, where authorized by contract or statute. This section does not apply or restrict either JM or Employee from seeking equitable relief, including injunctive relief, from any court having competent jurisdiction for violating this Agreement or any applicable law. This agreement to arbitrate does not prevent Employee from filing a charge or claim with any govemmental administrative agency, as permitted by applicable law.

(Scott Decl. Ex. 1.) Plaintiff has not met the burden of proof in establishing unconscionability because the arbitration clause is indeterminate as to who bears the cost. *See Green Tree Financial Corp.-Ala. v. Randolph*, 531 U.S. 79, 91 (2000).



FISHER & PHILLIPS LLP
111 SW Fifth Avenue, Suite 4040
Portland, Oregon 97204
(503) 242-4262

**IV. Oregon Law Does Not Require Preemptive Arbitration Agreement Notice.**

While not expressly mentioned in his Response, it appears that Plaintiff's argument is effectively that arbitration is barred because he was not given appropriate notice before filing his claim. This, like all other arguments, fails. Plaintiff's counsel provides no legal support of a notice requirement for arbitration agreements in Oregon. Counsel provides no legal support for his client's claim because such agreements are preempted by the FAA, which expressly does not require them. *Lumm v. CC Servs., Inc.*, 290 Or. App. 39 (2018). Plaintiff cannot escape his obligation to arbitrate his employment dispute that he had previously agreed to arbitrate.

For the reasons explained in detail above, Plaintiff's argument that ORS 652.750 requires the production of his arbitration agreement is flawed. Equally flawed is Plaintiff's argument that the disclosure of the arbitration agreement <u>prior to service</u> waives the employer's right to arbitration. (Scott Decl. Ex. 1.). There is neither statutory authority nor relevant case law which indicates Defendant has foregone its ability to compel arbitration. Accordingly, Plaintiff's argument fails, and this Court should grant Defendant's Motion to Compel Arbitration.

**V. Estoppel Is Not an Appropriate Remedy.**

Assuming Plaintiff establishes ORS 652.750 requires production of the arbitration agreement (he cannot), he has put forth a novel legal argument that, as an appropriate remedy, arbitration should be estopped. Response at 2-3. Plaintiff is correct that to prove estoppel is a valid remedy, he must prove four elements: (1) the party to be estopped must be apprised of the facts; (2) it must intend that its conduct shall be acted upon; (3) the other party must be ignorant of the true state of facts; and (4) must rely upon the conduct to his injury. *Cox v. Ocean View Hotel Corp.*, 533 F.3d 1114, 1123, (9th Cir. 2008) (internal citations omitted).



FISHER & PHILLIPS LLP
111 SW Fifth Avenue, Suite 4040
Portland, Oregon 97204
(503) 242-4262

Plaintiff's estoppel argument relies on three incorrect assumptions. First, Defendant was not obligated under any law to provide the agreement and, more importantly, did not willfully withhold the agreement in the run-up to the 90-day right to sue deadline. Plaintiff has further not identified any statute that places an affirmative obligation on employers to appraise all former employees who might contemplate a lawsuit that they previously signed an arbitration agreement. Second, Plaintiff was not "ignorant of the true state of facts." The fact that he did not know about the arbitration agreement is false. He has not alleged this. What he has alleged, in his own declaration, is that he does not *recall* reading the agreement and was therefore unaware of the arbitration provision. (Harshman Decl. ¶ 3.) Not reading the document is not a valid reason to preclude enforceability of a contract. *See Schlecht v. Bliss*, 271 Or. 304, 320 (1975) ("ordinarily, failure to read a contract is not a defense to its enforcement"); *see also Valley State Bank v. Gibson,* 64 Or. App. 385, 389 (1983) (holding that contracting parties were bound by a guaranty agreement despite their claim that they did not understand it because they did not read it in detail); *see also Shea v. Begley*, 94 Or. App. 554 n.3 (1989) ("ignorance is not a basis for not enforcing a contract."). Accordingly, his declaration in support of his Response should be disregarded. *See Leslie v. Grupo ICA*, 198 F.3d 1152, 1157 (9th Cir. 1999) ("this court may disregard sham affidavits that are filed to create an issue of fact"). Finally, Plaintiff has not been injured as a filing fee is part of the litigation process. The arbitration agreement states, "Employee will pay his or her share of any State filing fee towards the cost of the arbitration." (Scott Decl. Ex. 1.) If the Court compels arbitration, he is in the same position had he filed this matter initially with JAMS.

Plaintiff's estoppel argument fails because he identifies no statute requiring production of an arbitration agreement in a personnel file. Moreover, case law establishes that failing to



FISHER & PHILLIPS LLP
111 SW Fifth Avenue, Suite 4040
Portland, Oregon 97204
(503) 242-4262

read the terms of a contract cannot act as a bar to the enforcement of that contract. *See Schlecht*, 271 Or. at 320 ("[o]rdinarily, failure to read a contract is not a defense to its enforcement."). Accordingly, there should be no such consideration of estoppel, and the Court should grant Defendant's Motion to Compel Arbitration.

## VI. Defendant Has Not Waived Enforcement.

Defendant have not waived enforcement. Defendant raised the issue of Plaintiff's binding agreement to arbitrate at the first viable opportunity—in its first responsive pleading and prior to service.[5] Neither Plaintiff's personnel file request nor ORS 652.750 (related to personnel file inspection by employees) obligates an employer to provide a copy of an arbitration agreement. *See Joseph v. Trident USA Mobile Infusion Services, LLC, et. al.* (20 CV20509) (compelling arbitration despite the arbitration agreement in the DRA not being produced in a personnel file).[6] Additionally, the arbitration agreement is not applicable to BOLI actions. Thus, Defendant did not take any action inconsistent with the right to arbitrate, and, therefore Plaintiff has not proved wavier.

"A determination of whether the right to compel arbitration has been waived must be conducted in light of the strong federal policy favoring enforcement of arbitration agreements." *Martin v. Yasuda*, 829 F.3d 1118, 1124 (9th Cir. 2016). "[W]aiver of the right to arbitration is disfavored." *Id*. The party arguing waiver bears a "heavy burden of proof" and must establish: "(1) knowledge of an existing right to compel arbitration; (2) acts inconsistent with that existing

[5] A copy of an email exchange between counsel for the parties is attached as Exhibit 1 to the Reply Declaration of Stephen M. Scott ("Reply Decl. Scott").

[6] A copy of this Opinion is attached to the Reply Decl. Scott as Exhibit 2.



FISHER & PHILLIPS LLP
111 SW Fifth Avenue, Suite 4040
Portland, Oregon 97204
(503) 242-4262

right; and (3) prejudice to the party opposing arbitration resulting from such inconsistent acts." *Id*.

The Ninth Circuit has explained that acts inconsistent with the right to arbitrate are found "when a party chooses to delay his right to compel arbitration by actively litigating his case to take advantage of being in federal court." *Siggelkow*, 2019 WL 294759, at *5 (quoting Martin, 829 F.3d at 1125). For example, a party may waive its right to arbitrate where the parties begin to conduct discovery or engage in other motions practice prior to filing a motion to compel arbitration. Compare *id*. at *6 (finding no waiver when the defendant "fil[ed] a counter claim and s[ought] a jury trial on that counter claim" and all but one of the defendant's motions "were filed simultaneously with the motion to compel arbitration"), with *Martin*, 829 F.3d at 1124 (finding waiver when the parties litigated the case for seventeen months, including conducting discovery, a deposition, and moving to dismiss), and *Kelly v. Pub. Util. Dist. No. 2*, 552 Fed. App'x 663, 664 (9th Cir. 2014) (finding waiver when the parties "conducted discovery and litigated motions, including a preliminary injunction and a motion to dismiss").

Plaintiff's exact argument—that pre-litigation delay in providing notice to a plaintiff of a defendant's intention to enforce an arbitration agreement constitutes waiver—has been rejected when the defendant has asserted its right to enforce such an agreement early in the actual litigation process. *See Tapley v. Cracker Barrel Old Country Store, Inc.*, 448 F.Supp.3d 1143, 1150 (2020). Therein, the plaintiff argued the defendant waived an arbitration agreement by failing to timely provide personnel records. The court held that plaintiff failed to satisfy the heavy burden of proof because "pre-litigation delay in sending Plaintiff her personnel file does not constitute conduct inconsistent with Defendant's right to compel arbitration." *Id*.



FISHER & PHILLIPS LLP
111 SW Fifth Avenue, Suite 4040
Portland, Oregon 97204
(503) 242-4262

The fact that Defendant did not allegedly provide a copy of the arbitration agreement in response to the personnel file request or in response to the BOLI complaint does not constitute conduct inconsistent with Defendant's right to compel because the arbitration agreement was not applicable to either. As noted above, ORS 652.750 requires that an employer provide an employee with "the personnel records of the employee that are used or have been used to determine the employees' qualification for employment. promotion, additional compensation, employment termination or other disciplinary action and time and pay records." The arbitration agreement, by its very terms, and by operation of law, does not apply to require arbitration of administrative agency complaints or investigations.

Similarly, Plaintiff's prejudice argument is also meritless. The only purported prejudice Plaintiff points to is the expense of filing in court. Plaintiff has asserted claims that, if he were to prevail, would allow him to recover costs. Plaintiff's position on this point is no different at arbitration than in court—if he prevails, he will be entitled to seek to recover his costs reasonably incurred. Plaintiff has not shown that Defendant waived, and he has not shown any prejudice that allows the Court to find waiver, and this argument must be rejected.

**VII. Conclusion**

A binding agreement to arbitrate exists between Plaintiff and Defendant. Despite Plaintiff's argument in his Response that Defendant was obligated to produce the agreement

/ / /

/ / /

/ / /

/ / /

/ / /



FISHER & PHILLIPS LLP
111 SW Fifth Avenue, Suite 4040
Portland, Oregon 97204
(503) 242-4262

and that the agreement is itself unconscionable, his argument fails. Defendant therefore respectfully repeats its request that this Court stay judicial proceedings and grant its Motion to Compel Arbitration.

DATED this 13th day of December, 2023.

FISHER & PHILLIPS LLP

*s/ Stephen M. Scott*

Stephen M. Scott, OSB No. 134800
smscott@fisherphillips.com
Daniel O. Schmidt, OSB No. 204404
dschmidt@fisherphillips.com
503.242.4262 Tel.
503.242.4263 Fax

Attorneys for Defendant J-M Manufacturing Company, Inc., dba JM Eagle